**In the Matter of Tomas DOMINGSIL-MERCADO On Habeas Corpus.**

**No. 35757.**

United States District Court
N. D. California, S. D.
Oct. 8, 1956.

Phelan & Simmons, San Francisco, Cal., for petitioner.

Lloyd H. Burke, U. S. Atty., Charles Elmer Collett, Asst. U. S. Atty., San Francisco, Cal., for respondent.

GOODMAN, District Judge.

Petitioner is detained by the District Director of Immigration and Naturalization Service pursuant to a deportation order. His petition for a writ of habeas corpus prays for his release on the ground that the deportation order is invalid. An Order to Show Cause was issued on August 9, 1956, and the cause has been argued and submitted upon the record of the proceedings before the Immigration and Naturalization Service.

Petitioner is a citizen of the Commonwealth of the Philippines. On April

16, 1927 he was admitted to Hawaii as a United States national. He remained in Hawaii until April 1934, when he departed and arrived at the port of San Francisco on May 1, 1934. That same day the Philippine Independence Act, 48 Stat. 456, 48 U.S.C. § 1232 et seq. became effective. Section 8(a) (1) of the Act provided that "For the purposes of the Immigration Act of 1917, the Immigration Act of 1924 (except section 13(c) ), this section, and all other laws of the United States relating to the immigration, exclusion, or expulsion of aliens, citizens of the Philippine Islands who are not citizens of the United States shall be considered as if they were aliens."

Upon petitioner's arrival in San Francisco from Hawaii, he was paroled into the continental United States by the Immigration and Naturalization Service. Some 12 years later, on March 12, 1946, he was brought before an Immigration Board of Special Inquiry in exclusion proceedings. Following this hearing, the Commissioner of Immigration and Naturalization directed that the exclusion proceedings be terminated. On April 18, 1946, he issued a warrant of arrest in deportation proceedings, charging that when petitioner arrived in San Francisco from Hawaii on May 1, 1934, he was an immigrant not in possession of an immigration visa in violation of the Immigration Act of 1924. Subsequently, hearings were had under the warrant of arrest, culminating in the deportation order pursuant to which petitioner is presently detained.

The deportation order directed that petitioner be deported on the ground that he was deportable under Sections 13 and 14 of the Immigration Act of 1924 in that at the time of "entry" at San Francisco on May 1, 1934, he was an "immigrant" not in possession of a valid immigration visa.

Section 13 of the Immigration Act of 1924, 43 Stat. 161, 8 U.S.C. § 213, 1946 Ed., provided that "no immigrant shall be admitted to the United States unless he (1) has an unexpired immigration visa." Section 14 of the Immigration Act of 1924, 43 Stat. 162, 8 U.S.C. § 214, 1946 Ed., provided that: "Any alien who at any time after entering the United States is found to have been at the time of entry not entitled under this Act to enter the United States * * * shall be taken into custody and deported."

Section 3 of the Immigration Act of 1924, 43 Stat. 154, 8 U.S.C. § 203, 1946 Ed., provided that the term "immigrant" means, with certain exceptions, "any alien *departing from any place outside the United States destined for the United States.*" Section 28 of the Immigration Act of 1924, 43 Stat. 168, 8 U.S.C. § 224, 1946 Ed. provided that "The term 'United States,' when used in a geographical sense, means the States, the Territories of Alaska and Hawaii, the District of Columbia, Porto Rico, and the Virgin Islands."

When petitioner arrived in San Francisco from Hawaii on May 1, 1934, he was by virtue of the provisions of Section 8(a) (1) of the Philippine Independence Act an alien for the purposes of the Immigration Act of 1924. However, he was not an alien departing from any place *outside* the United States destined for the United States. Since he had departed from Hawaii, he had, within the meaning of the Immigration Act of 1924, departed from one place *within* the United States destined for another place *within* the United States. He was therefore not an "immigrant" within the meaning of Section 3 of the Immigration Act of 1924. Consequently the deportation order under which he is now detained is invalid.

It is true that when petitioner arrived at San Francisco on May 1, 1934, he was excludable from the continental United States under Section 8(a) (2) of the Philippine Independence Act, supra, which provided that "citizens of the Philippine Islands who are not citizens of the United States shall not be admitted to the continental United States from

the Territory of Hawaii." But, deportation is not here sought to be accomplished on that ground. Consequently, it is unnecessary to consider petitioner's contention that deportation on that ground is barred by the statute of limitations. It is also unnecessary to consider his alternate contentions that Section 8(a) (2) of the Philippine Independence Act became inoperative upon the issuance of the Proclamation of Philippine Independence on July 4, 1946 or that petitioner has acquired lawful permanent residence in the Continental United States by virtue of Section 231 of the Philippine Trade Act of 1946, 60 Stat. 141, 148, 22 U.S.C.A. § 1281.

The writ of habeas corpus will issue. The deportation order is hereby set aside.

Present an order accordingly.